**NATIONAL LABOR RELATIONS BOARD
v. ARNOLT MOTOR CO. et al.**

No. 9713.

United States Court of Appeals
Seventh Circuit.

March 9, 1949.

A. Norman Somers, Asst. General Counsel, Paul S. Kuelthau, National Labor Relations Board, David P. Findling, Associate General Counsel, Ruth Weyand, Asst. General Counsel, and Harvey B. Diamond, Atty., National Labor Relations Board, all of Washington, D. C., for petitioner.

John Harrington, of Chicago, Ill., for respondents.

Before MAJOR, Chief Judge, KERNER, Circuit Judge, and DUFFY, District Judge.

KERNER, Circuit Judge.

This case is here on the petition of the National Labor Relations Board for the enforcement of its order directing respondents to cease and desist from (1) refusing to bargain collectively with the International Union, United Automobile Workers of America, A. F. L.; (2) discouraging membership in the Union or any other labor organization by discharging or refusing

to reinstate their employees or by discriminating in any other manner in regard to their hire, tenure, or conditions of employment; and (3) in any other manner interfering with, restraining, or coercing their employees in the exercise of rights guaranteed to them by § 7 of the Act, 29 U.S.C.A. § 157. In general, the Board found that respondents in violation of § 8(1), (3) and (5) of the National Labor Relations Act, 29 U.S.C.A. § 158(1, 3, 5), had engaged in a course of conduct and coerced their employees in the exercise of the rights guaranteed them by § 7 of the Act, and that respondents had discriminatorily discharged Paul Dean and William Fisher because of their membership and activities in a labor union. Enforcement is resisted on the ground that the findings are not supported by adequate evidence.

No citation of authorities is needed to support the proposition that it is not for us to weigh the testimony and to pass upon the credibility of witnesses and that we may not reject inferences drawn by the Board from proven facts because different inferences might seem to us more reasonable. And it would not serve any useful purpose to detail the evidence adduced before the Board since there is in the record, taken in its entirety, credible substantial evidence which sustains the findings of the Board that respondents had coerced their employees in the exercise of the rights guaranteed them by § 7 of the Act, and that respondents had discharged Dean and Fisher because of their union activity.

But for an additional contention made by respondents, what we have thus far said would be sufficient to dispose of the case. Respondents made the point that changes in their businesses have made the bargaining unit approved by the Board no longer appropriate.

The order sought to be enforced was entered on June 24, 1946; the hearings on which the order was based were held during the month of September, 1945. The order directs respondents to bargain collectively with the Union as the exclusive representative of all respondents' hourly paid production and maintenance employees.

Respondents have filed an application, under § 10(e) of the Act, 29 U.S.C.A. § 160(e), to adduce additional evidence before the Board. In the application it is alleged that respondent Arnolt Motor Company was organized just prior to the war, and that at the time of the hearings before the Board, the plants of both respondents had been completely shut down, since both had been engaged in war production and their orders cancelled immediately following V-J Day, and that up until the time it was engaged in war work, Arnolt Motor Company had not employed any female production employees; that during the war period a large number of its production employees were women, but that it does not now employ any female production workers; that since the election at which the Union was appointed the exclusive representative of all of the respondents' hourly paid production and maintenance employees was held during the war, the approved unit does not now reflect the wishes of respondents' production employees.

Section 10(e) of the Act authorizes this court to order additional evidence to be taken when it is shown that such evidence is material. And when circumstances do arise after the Board's order has been issued which may affect the propriety of enforcement of the order, we have discretion to decide the matter or remand it to the Board for further consideration. National Labor Relations Board v. Jones & Laughlin Co., 331 U.S. 416, 428, 67 S.Ct. 1274, 91 L.Ed. 1575.

In this case the Board's order was based upon a holding that respondents committed an unfair labor practice by refusing to bargain collectively with the Union; that refusal occurred at a time when the hourly paid production and maintenance workers were being represented by the Union. In this situation, even if we assume the truth of the allegations in respondents' application, such evidence would be immaterial to the issues. The fact that some of the employees are not now in respondents' employ does not affect the status of the remaining employees. For the purposes of this case, respondents' hourly paid production and maintenance workers still remain in existence, and the Union presumably continues to be their representative. National Labor Relations Board v.

E. C. Atkins & Co., 331 U.S. 398, 402, 67 S.Ct. 1265, 91 L.Ed. 1563. And it has been held that a bargaining relationship once rightfully established must be permitted to exist and function for a reasonable period in which it can be given a fair chance to succeed, after which in a proper proceeding and upon a proper showing, the Board may take steps in recognition of changed situations. Franks Bros. Co. v. National Labor Relations Board, 321 U.S. 702, 705, 64 S.Ct. 817, 88 L.Ed. 1020, and cases cited therein.

In concluding, we note that the Act, as amended, 29 U.S.C.A. § 159(c) (1) (A) (ii), now provides that if the employees desire that the labor organization which previously had been certified be decertified, or if they desire to substitute another representative, they may petition the Board to that effect, and the Board shall investigate the matter and hold a hearing and an election.

The petition of the Board is granted and a decree enforcing the order will be entered.